UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELBERT G. TALLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-1822** |
| **BLUE CROSS BLUE SHIELD OF LOUISIANA** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Delbert G. Talley's motion to remand is **GRANTED**, and the case is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.  (Document #6.)

### I. BACKGROUND

Delbert G. Talley filed a petition for declaratory judgment and for damages against the Louisiana Health Service and Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana (Blue Cross), in the 22nd Judicial District Court, Parish of St. Tammany.  Talley is a sole proprietor practicing law with the Talley Law Firm.  Talley alleges a claim for health insurance benefits under the group employee health benefit plan established by the Louisiana Association of Business and Industry (LABI) for members who are too small to qualify for group rates.  Talley and his wife are the only insureds under the policy.

On October 28, 2005 Blue Cross sent Talley a request for "State Unemployment Taxes and Wages Paid Report" for the law firm.  Talley requested the information from his accountant, Janice Lambert Accounting; but Lambert was unable to furnish the report because her office was severely damaged by Hurricane Katrina.  Talley advised Blue Cross that Lambert was attempting to salvage the documents and that the documents would be provided as soon as they were available.  Talley alleges that a Blue Cross representative responded that coverage would not be canceled.

On November 30, 2005, Blue Cross notified Talley by mail that his coverage was being cancelled as of February 1, 2006, for failure to provide the information.  On December 1, 2005, Talley sent some of the requested information to Blue Cross and advised that the delay was the result of property damage caused by Hurricane Katrina.  On December 5, 2005, Talley sent Schedule C for 1040 to Blue Cross and reminded Blue Cross of the reason for the delay and their assurance that the policy would not be canceled.  On December 10, 2005 Blue Cross advised that the premium for the renewal period would be increased, and on February 1, 2006, the policy was renewed.

On February 3, 2006, Talley's wife underwent carpal tunnel surgery.  The physician's office pre-certified the procedure and confirmed coverage.  When Mrs. Talley attempted to obtain prescriptions, Walgreens drug store charged the non-insurance rate because the "group" had been dissolved and the coverage canceled.

Blue Cross explained to Talley that, in addition to participation in the LABI group, Talley must have more than one employee in the sub group, the law firm.  Talley alleges that

blue Cross did not afford him an opportunity to comply with their interpretation of a satisfactory level of participation.

Blue Cross removed the case to federal court, alleging that the health insurance benefit plan is an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act (ERISA). Talley filed a motion to remand the case to state court.

## II. DISCUSSION

Talley contends that the court lacks subject matter jurisdiction because the policy of group insurance is not an employee welfare benefit plan within the meaning of ERISA. He argues that there is no employee benefit plan, and LABI is not involved in the administration of the Blue Cross policy.

ERISA regulates employee benefit plans, including ones providing medical and hospital care, if the plan is established or maintained by an employer or employee organization or both. 29 U.S.C. § 1003(a). In Taggart v. Life and Health Benefits Administration, Inc., 617 F.2d 1208, 1210 (5th Cir. 1980), the Court of Appeals held that the Security Multiple Employers Trust (SMET), which provided group insurance to employers too small to qualify for group rates, did not fall within the scope of ERISA. Employers became members of SMET's group of subscribers, and SMET pooled the group's premiums and purchased insurance on their behalf. Id. Taggart Corporation subscribed to SMET to obtain health insurance for its sole employee and his family. Id. The Court of Appeals held that SMET was neither established nor maintained by a statutory employer or employee organization. Id. SMET acted as a "mere conduit for hundreds of unrelated subscriber customers," and did not constitute a plan, fund or

program under ERISA.  Id. at 1210-11.  The Act does not regulate the "bare purchases of health insurance where . . . the purchasing employer neither directly nor indirectly own, controls, administers or assumes responsibility for the policy or its benefits."  Id. at 1211; cf. Lee v. Sun Life Assurance Co. of Canada, 20 F.Supp.2d 983 (M.D. La. 1998) (distinguishing Taggart because the employer forwarded the monthly premiums and served as administrator of the plan).

Talley is a sole proprietor, who made a bare purchase of health insurance for his family.  Blue Cross collects the premiums directly from Talley, and his claims are made directly to Blue Cross.  The group health insurance policy is available to LABI members; however, LABI does not receive any compensation, and is not the administrator of any employee benefit plan.  Accordingly, the court finds that there is no employee benefit plan under ERISA, and the court lacks subject matter jurisdiction under ERISA.  The motion to remand the case to state court is granted.

New Orleans, Louisiana, this  15th  day of August, 2006.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE